IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL ASIP, Ed.D.,
        Plaintiff,

v.                                  Civil Action No. 3:18-cv-261-JAG

CHESTERFIELD COUNTY SCHOOL
BOARD,
        Defendant.

## **OPINION**

This case involves an employment dispute between the plaintiff, Michael Asip, and his former employer, the Chesterfield County School Board ("CCSB"), and its superintendent at the time, James F. Lane. The dispute stems from a debacle in which over 150 special education students did not receive transportation on the first day of school in 2016. Asip, who worked as the school system's Director of Exceptional Education, claims that CCSB forced him to resign due to his age and in breach of his employment contract. CCSB asserts that it rightfully terminated Asip because of his role in the transportation failures.

The Court heard argument on CCSB's[1] motion for summary judgment on January 25, 2019. At the hearing, the Court announced that it would grant the motion as to Asip's Age Discrimination in Employment ("ADEA") claim and deny it as to his breach of contract claim. The ADEA claim fails because even if Asip could establish that he met his employer's legitimate expectations, he cannot show that CCSB's stated reason for firing him was pretext for age discrimination. Conversely, a genuine factual dispute exists as to whether CCSB breached Asip's employment

---

[1] Both defendants originally moved for summary judgment, but the parties later agreed to dismiss Lane. (Dk. No. 37.)

contract by terminating him. Accordingly, the Court grants in part and denies in part CCSB's summary judgment motion.

## I. BACKGROUND

Asip began working for CCSB in 2005 as the Assistant Director of Exceptional Education. CCSB promoted him to Director of Exceptional Education in 2008. In June, 2016, Asip decided to retire at the age of 63. CCSB allowed Asip to participate in its supplemental retirement program ("SRP"). Under the SRP Agreement, Asip retired effective July 1, 2016, reported back to work on August 1, 2016, and retained his position for eleven months, until the end of the current school year. As compensation, Asip would receive 175% of his last salary, paid over a five-year period. Simultaneously, he would also receive retirement benefits.

Asip's staff members worked with Administrators of Special Education ("ASEs") and Coordinators of Special Education ("CSEs") from the county schools. The ASEs and CSEs from each school entered data regarding transportation needs for special education students into a Google document. They sent the document to the transportation department to coordinate rides for these students. In April, 2016, Assistant Director of Transportation Adrian Frierson gave a presentation to exceptional education[2] staff about the importance of submitting timely data into the Google document for the transportation department.

On August 15, 2016, Frierson sent an e-mail to Asip and Assistant Director of Exceptional Education Ben Lewis, discussing special education transportation for the first week of school. Frierson informed them that staff members submitting transportation needs after a certain deadline would "greatly affect our operations and preparation for the first day of school." (Dk. No. 18-8, at 1.) Specifically, Frierson requested, "Please make your staff aware that, while we will continue

---

[2] The Court uses "special education" and "exceptional education" interchangeably in this Opinion.

to process students for transportation, ***no students will be added to routes after August 23rd to September 6th***." (*Id.* (emphasis in original).) The e-mail went on to say, "Please contact your specialists and schools to inform them of the importance of timely and correct student data entry. Missing or incorrect documentation may also cause delays in busing assignments." (*Id.*) Neither Asip nor Lewis acted in response to the e-mail.

CCSB transportation failed to pick up over 150 special education students on the first day of school in 2016. Lane, who served his first year as superintendent during the 2016-17 school year, received many complaints about the transportation failures. At a School Board meeting on October 17, 2016, Asip explained the special education transportation breakdown. Asip tried to highlight the uniqueness of the 2016 problem, but Lane pointed out that transportation failures had occurred in the past. They ultimately agreed that the number of students affected increased in 2016.[3] Lane also indicated at the meeting that no one person caused the systemic problem.

Lane asked Director of Transportation Robert Wingfield to look into the failures. Frierson reported to Wingfield that the transportation department did not receive timely information from staff members regarding student needs. A computer server malfunction also contributed to the problem. Lane reviewed e-mails in which Frierson tried to communicate with Asip, ASEs, and CSEs to help prevent the transportation glitches. Lane indicated in an October 23, 2016 e-mail that he found it "clear" that the problem largely involved Asip's department, not the transportation department. (Dk. No. 17-2, at 44.) Lane also expressed concern that Asip has publicly minimized the problem by saying that the 2016 issues had not occurred in the past. Lane directed Assistant Superintendent Lyle Evans to investigate further. Evans found that Frierson "directly request[ed]

---

[3] In a typical year, approximately 50 students did not receive transportation at the beginning of school. In 2015, that number increased to around 100.

intervention and assistance to ensure timely data entry of special education transportation needs."
(Dk. No. 18-17, at 3.) According to Evans, if Asip or Lewis had followed through with Frierson's request, they would have decreased or eliminated the number of affected special education students.[4] Evans recommended a 10-day suspension for Asip and a 3-day suspension for Lewis.

CCSB suspended 37-year-old Lewis for three days pursuant to Evans' recommendation. Lane decided to terminate Asip, claiming he did so for reasons related to the transportation crisis—namely, failing to act on Frierson's e-mail and minimizing the issue at the October CCSB meeting. Evans offered Asip the opportunity to resign, which he took, effective December 30, 2016. CCSB replaced Asip with a female in her thirties.[5] Lane did not punish anyone else for the busing failures.

Asip filed a complaint against CCSB and Lane for (I) ADEA discrimination; (II) First Amendment retaliation for protected speech; and (III) breach of contract. Asip voluntarily dismissed Count II, the only count pertaining to Lane. CCSB moved for summary judgment on both remaining counts.

---

[4] Asip asked Robert Carter, Medicaid and Special Projects Coordinator, to contact the ASEs and CSEs to determine what happened with each late request. Carter's findings showed that most ASEs and CSEs knew about the August 23 deadline. Asip sent Carter's findings to Evans.
[5] The parties do not agree on whether she was 35 or 37.

## II. DISCUSSION[6]

### A. *ADEA*

The ADEA prohibits employers from discriminating against employees because of age. 29 U.S.C. § 623 (2016). To succeed on an ADEA claim, a plaintiff must prove that his employer took adverse employment action against him because of his age. *Id.*; *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir. 2006). Under the *McDonnell Douglas* burden-shifting scheme,[7] if the plaintiff presents a prima facie case of discrimination, the burden shifts to the defendant to articulate a valid, non-discriminatory reason for termination. *Adams v. Trs. of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). If the defendant does so, the burden shifts back to the plaintiff to prove that the articulated reason was pretext for discrimination. *Id.* at 558-59.

### 1. *Prima Facie Case*

To make a prima facie case, a plaintiff must show that (1) he belongs to a protected class; (2) he suffered an adverse employment action; (3) he performed at a level that met his employer's legitimate expectations at the time of the employment action; and (4) the circumstances give rise to an inference of unlawful discrimination. *Jones v. Constellation Energy Projects & Servs. Grp., Inc.*, 629 F. App'x 466, 468 (4th Cir. 2015). The parties dispute the third element of the prima

---

[6] Rule 56 of the Federal Rules of Civil Procedure directs courts to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a summary judgment motion, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nevertheless, if the non-moving party fails to sufficiently establish the existence of an essential element to its claim on which it bears the ultimate burden of proof, the court should enter summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[7] Asip concedes that he has no direct evidence of discrimination, so he must proceed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

facie case: whether Asip performed his job at a level that met the CCSB's legitimate expectations at the time of the employment action.[8]

"[W]hether an employee met his employer's legitimate expectations at the time of termination depends on the 'perception of the decision maker[,] . . . not the self-assessment of the plaintiff.'" *Id.* at 469 (quoting *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000)). In other words, "[the employer]'s opinion of [the employee]'s performance, not [the employee]'s own opinion," establishes this element of the prima facie case. *Blanch v. Hexagon U.S. Fed., Inc.*, No. 1:17-cv-613, 2018 WL 4997644, at *6 (E.D. Va. Oct. 15, 2018). The evidence must "address whether management honestly believed that [the employee]" did a good job at the time. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 444 (4th Cir. 1998), *overruled on other grounds*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

Even if an employee previously met his employer's expectations, the employee must show that his performance met expectations at "a time reasonably close to the time of the challenged employer action." *Blanch*, 2018 WL 4997644, at *8. Moreover, courts discount co-worker opinions about the employee's quality of work as "close to irrelevant." *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003); *see also Ramos v. Molina Healthcare, Inc.*, 963 F. Supp. 2d 511, 523, 526 (E.D. Va. 2013) (noting that a plaintiff cannot meet his burden by relying on the perspectives of people who did not take part in the employment decision). Finally, new supervisors can "establish their own legitimate expectations," even if those differ from prior standards. *Williams v. Burwell*, No. RWT 13-2527, 2014 WL 5797777, at *3 (D. Md. Nov. 5, 2014).

---

[8] CCSB acknowledges "that Asip was at least forty years old, that he suffered an adverse employment action, and that his permanent replacement was younger than forty years old." (Dk. No. 17, at 16.)

The evidence in this case shows that Asip did not meet CCSB's legitimate expectations at the time his employment ended. Lane expressed concern when he learned that the transportation department sought help from Asip, to no avail, to avoid busing problems on the first day of school. *See Tinsley*, 155 F.3d at 444. Lane's October 23 e-mail demonstrates that he expected Asip to act on Frierson's request to ensure that special education students received transportation. He also expected Asip to acknowledge the gravity of the situation, and that it had occurred to some extent in the past, at the CCSB meeting.

Asip may have previously performed well,[9] but based on Lane's conclusions after investigating the transportation failures, Asip did not meet expectations at "a time reasonably close" to his termination. *Blanch*, 2018 WL 4997644, at *7 & n.11, *8 (noting that an employee can fail to meet his employer's legitimate expectations based on a "*single event* triggering termination" (emphasis added)). Asip cannot satisfy this prong by proving that he or others thought he met expectations or that he did not deserve such a harsh consequence. *See Jones*, 629 F. App'x at 469; *Ramos*, 963 F. Supp. 2d at 523, 526. Thus, Asip cannot make a prima facie case of discrimination.

## 2. *Pretext for Age Discrimination*

Even if Asip could show that he met CCSB's legitimate expectations, his ADEA claim fails because he cannot demonstrate pretext. The second step of *McDonnell-Douglas* requires the defendant to set forth a valid, nondiscriminatory reason for the employment action, and Asip does not contest that CCSB does so. The burden thus shifts back to Asip to show that any stated reasons "were not [the] true reasons, but were a pretext for discrimination." *Adams*, 640 F.3d at 558-59.

---

[9] On September 9, 2016, Asip received a positive performance evaluation from his supervisor.

First, a plaintiff must show that the employer proffered a false reason. *Ramos*, 963 F. Supp. 2d at 525. Second, a plaintiff must establish, through inference or otherwise, that age discrimination was the employer's real reason for the employment action. *Id.* Proving the employer's reason "unpersuasive, or even obviously contrived," will not establish discrimination—a plaintiff must meet *both* prongs of the test. *Id.* Courts should not decide whether the employer's stated reason "was wise, fair, or even correct, ultimately, so long as it truly was the reason for the [challenged action]." *Georges v. Dominion Payroll Servs., LLC*, No. 3:16-cv-777, 2018 WL 2088750, at *9 (E.D. Va. May 4, 2018) (alteration in original), *appeal docketed*, No. 18-1626 (4th Cir. 2018).

"[A] plaintiff's own assertions of discrimination" alone cannot "counter substantial evidence of legitimate nondiscriminatory reasons." *Williams v. Cereberonics, Inc.*, 871 F.2d 452, 456 (4th Cir. 1989). Moreover, "minor discrepancies" in the employer's explanation will not create a genuine factual dispute. *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 216-17 (4th Cir. 2007) (upholding summary judgment for an employer when "the decisionmaker[] honestly believed that [the employee] deserved to be discharged for threatening [a co-worker], regardless of whether [the employee] did in fact issue the threats"). On the other hand, when the employer gives inconsistent explanations at different times, a factfinder may infer pretext. *Bart-Williams v. Exxon Mobil Corp.*, No. 1:16-cv-1338, 2017 WL 4401463, at *15 (E.D. Va. Sept. 28, 2017). Finally, even if an employee presents evidence creating a genuine dispute as to whether he satisfactorily performed his job, complaints about the employee's performance can still serve as non-pretextual reasons for employment action. *Id.*

Here, nothing in the record suggests discrimination motivated Lane to fire Asip. Even if Lane made an unfair decision, or Evans conducted a "sham" investigation to concoct a reason to

fire Asip (Dk. No. 18, at 9), Asip has not put forth evidence to create an inference of age discrimination. Asip argues that the Court can infer discrimination because Lane elected a lesser punishment for Lewis, a younger employee. *See Gholson v. Benham*, No. 3:14-cv-622, 2015 WL 2403594, at *5 (E.D. Va. May 19, 2015). *Gholson* allowed a complaint to survive a *motion to dismiss* when the plaintiff alleged that her employer disciplined her differently from younger employees. *Id.* Here, while Lane disciplined Asip differently from everyone involved in the transportation problem, Asip has not put forth evidence on *summary judgment* to show that Lane did so because of Asip's age. Instead, the record reflects other, nondiscriminatory reasons for Lane's actions. Moreover, Lane did not discipline transportation director Wingfield, an SRP employee like Asip.

The facts here do not allow the conclusion that "[age] discrimination was the real reason" for Asip's termination. *Ramos*, 963 F. Supp. 2d at 525. Thus, even if Asip could establish that he met CCSB's legitimate expectations, he cannot show that age discrimination motivated his termination. Accordingly, the Court grants summary judgment on the ADEA count and dismisses that count with prejudice.[10]

## B. *Breach of Contract*

To state a breach of contract claim, a plaintiff must plead (1) a legally enforceable obligation; (2) a breach; and (3) damages caused by the breach. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154, 671 S.E.2d 132, 135 (2009). CCSB claims that Asip cannot prove the

---

[10] Asip argued at the hearing that the SRP itself discriminates based on age by requiring participating employees to waive their right to file a grievance. He did not raise this issue in his brief. The sole case he cites for support does not persuade the Court to alter its ruling. *See EEOC v. Baltimore Cty.*, 747 F.3d 267 (4th Cir. 2014). That case involved a retirement plan requiring older employees to pay a greater percentage of their salaries into the plan, which violated the ADEA. *Id.* at 269-70. The Court does not find the facts in *Baltimore* analogous to an SRP in which participants waive their grievance rights.

second element: a breach of the SRP Agreement. CCSB does not argue that it employed Asip at will because the SRP Agreement provides that CCSB may terminate Asip as provided by the SRP Plan, CCSB policy, or the law. The SRP Plan requires employees to meet "satisfactory performance standards established by the Employer," and CCSB policy sets forth the same requirement. (Dk. No. 17-1, at 43.)

If a court finds a contract unambiguous, it may interpret the contract as a matter of law and grant summary judgment. *World-Wide Rights Ltd. P'ship v. Combe, Inc.*, 955 F.2d 242, 245 (4th Cir. 1992). To qualify as "unambiguous," the contract cannot contain more than one permissible inference as to the parties' intent. *Adams v. Sch. Bd. of Hanover Cty.*, No. 3:05-cv-310, 2008 WL 5070454, at *13 (E.D. Va. Nov. 26, 2008). A court can grant summary judgment on an ambiguous contract if the evidence resolves the interpretive issue. *World-Wide Rights*, 955 F.2d at 245. Otherwise, the court must submit the question to the trier of fact. *Id.*; *see also Dominion Res. Servs., Inc. v. 5K Logistics, Inc.*, No. 3:09-cv-315, 2010 WL 917492, at *4 (E.D. Va. Mar. 8, 2010) (noting that "the occurrence of a breach is typically a question of fact").

CCSB argues that the Court should apply the arbitrary and capricious standard that state courts use to review school boards' employment decisions through the grievance process. State courts affirm school boards under that standard unless the board abused its discretion; acted in bad faith, arbitrarily, or capriciously; or lacked substantial evidence to support its decision. *Bristol Sch. Bd. v. Quarles*, 235 Va. 108, 119, 366 S.E.2d 82, 89 (1988). Asip, however, waived the grievance procedure in the SRP Agreement. Virginia law does not provide guidance regarding firing an SRP employee like Asip.

Without deciding which standard to apply at this juncture, Asip has presented sufficient evidence to create a factual dispute as to his contract claim, even under arbitrary and capricious

review. The SRP Plan and CCSB policy do not define the "satisfactory performance standards," (Dk. No. 17-1, at 43), that SRP employees must meet to avoid termination. *Cf. JDS Uniphase Corp. v. Jennings*, 473 F. Supp. 2d 705, 709-10 (E.D. Va. 2007) (granting summary judgment for the employer when the employee violated the company's policies and procedures as defined in the contract). Thus, "ambiguity exists on the face of the contract because it is silent" as to what constitutes satisfactory performance. *Sch. Bd. of Hanover Cty.*, 2008 WL 5070454, at *13. In other words, a factfinder can draw "more than one permissible inference . . . from the language." *Bear Brand Hosiery Co. v. Tights, Inc.*, 605 F.2d 723, 726 (4th Cir. 1979).

Moreover, the evidence does not resolve the interpretive issue. While Asip failed to meet his employer's expectations under the ADEA standard, a jury could view the undefined performance standards in the contract differently. Jurors might find any number of reasons for Asip's termination. Perhaps Asip, as head of exceptional education, should have tried to prevent the transportation failures on the first day of school, including acting on Frierson's August 15 e-mail. Maybe, based on Lane's comments at the October CCSB meeting, Lane needed someone to take the fall for a systemic problem, especially in his first year as superintendent. The Court cannot decide, from the ambiguous contract language and the evidence submitted, whether the circumstances of Asip's termination amount to a breach of the SRP Agreement. Accordingly, the Court denies summary judgment on the breach of contract count.

## III. CONCLUSION

Because Asip fails to raise a genuine issue of fact regarding his ADEA claim, the Court GRANTS the motion for summary judgment on Count I and DISMISSES that count WITH

PREJUDICE. A factual dispute exists, however, on the breach of contract count. Accordingly, the Court DENIES the motion for summary judgment on Count III.

The Court issued an Order on this motion on January 25, 2019. (Dk. No. 26.)

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 7 February 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge